

# THE ATTORNEY GENERAL
## OF TEXAS

Gerald C. Mann

AUSTIN 11, TEXAS

JOHN SHEPPERD
ATTORNEY GENERAL

Hon. T. M. Trimble
First Assistant State
Superintendent
Austin, Texas

Opinion No. O-3346
Re: Tort liability of school district --
authority to indemnify third parties for
actions sounding in tort.

Dear Sir:

We are in receipt of your letter of March 27, 1941, in which you request the opinion of this department concerning the authority of the Board of Trustees of the Borger Independent School District to execute a lease or license contract containing the following provisions:

"The lessee (School District) expressly assumes all liability for injury or death to any students or instructors in attendance at said school, whether caused by the equipment and material supplied by J. M. Huber Corporation, or the condition of the premises or by any of the employees of J. M. Huber Corporation or by any other cause, direct or indirect, resulting in injury or death to any of said students or instructors.

"It is understood that the premises leased are in the carbon black plant yard of J. M. Huber Corporation and all of the hazards to students and instructors using said premises and passing through said plant yard are expressly assumed by the lessee.

"And the said lessee promises and covenants to indemnify and hold harmless the said J. M. Huber Corporation from any and all claims for damages for injuries to persons and for death and for damage to property arising out of or in connection with the operation of said school on said premises.

"It is understood and agreed that J. M. Huber Corporation is permitting the use of its premises and equipment by students and instructors without charge; and it makes no representation as to the condition, quality, fitness or safety of the premises, material, equipment, buildings or structures; and that lessee hereby assumes full responsibility and liability for the same."

The occasion for the contract grows out of an arrangement whereby the school proposes to teach classes in welding at the machine shop and yards of the lessor. The above quoted provisions appear as a part of the agreement whereby the Company proposes to grant its consent for the use of its property for such purposes.

School districts are public corporations and government agencies exercising a governmental function. They differ from cities and towns in that the latter exercise a dual function, to-wit, governmental and proprietary, while a school district is purely a governmental agency and exercises only such powers as are delegated to it by the state. It performs no proprietary functions which are separate and independent of its governmental powers. In this respect it is more readily comparable to a county, which is not held answerable for its negligence in an action founded in tort. Brown v. Trustees of Victoria Independent School District, (T.C.A. 1938, writ refused) 114 S.W. (2d) 947. The school district has no liability for actions sounding in tort, arising out of the performance of its governmental function. Opinions O-443 and O-1405, copies of which are enclosed herewith; McVey v. City of Houston (T.C.A. 1925) 273 S.W. 313; Brown v. Victoria Independent School District, supra; 24 R.C.L. § 60, p. 604; 37 T.J. § 148, p. 1030 and authorities there cited, particularly notes in A.L.R.

McQuillin in his work on Municipal Corporations, 2nd ed., Vol.3, sec. 1270, makes the statement that a municipal corporation "cannot assume a liability where none legally exists." It is too well settled to require citation of authority that a board of school trustees has limited authority and may not bind the district in excess of the authority granted them by statute either expressly or by necessary implication. It is our opinion that the trustees of a school district may not subject their school district to liability in tort where such liability does not exist in law. The situation would be analogous to an officer or agent of the State attempting to create liability on the part of the State for actions founded in tort, or a commissioners' court contracting that the county shall be subject to tort liability. The lack of authority in such instances would seem to be fundamental.

No cases directly in point have come to our attention upon the question of whether a school board may enter a contract whereby the district becomes an indemnitor of a third party for his own torts. It has been held however that a municipal corporation may not become a guarantor in the absence of legislative authority. In Dillon, Municipal Corporations, 5th ed., Vol. II, § 814, it is stated:

"A municipal corporation cannot, without legislative authority, become surety for another corporation or an individual; cannot guarantee the bonds or obligations of another, or make accommodation indorsements. Such an authority cannot be implied or deducted from the general and usual powers conferred upon such corporations. Although such a corporation may have power directly to accomplish a certain object,

and itself expend its revenues or money therefor, yet this does not give or include the power to lend its credit to another who may be empowered to effect the same object. Expending money by a city council, as agents or administrators of their constituents, is a very different thing from binding their constituents by a contract of suretyship, . . . 'a contract which carries with it a lesion by its very nature.' Thus the indorsement of the bonds of a street railroad company in a city, by the city authorities, is not within the ordinary administrative powers of the corporation, and requires express legislative grant."

While there is a decided distinction between contracts of suretyship and indemnity, they are somewhat similar in nature when considering authority for their execution. Neither can be said to be of the character ordinarily or necessarily contemplated in the usual administration and management of the governmental function committed to school districts. We find no express authority in our statutes for school districts to become indemnitors for the torts of third parties. The well established rule by which trustees have only limited authority to bind their districts, is particularly applicable to obligations of this nature and authority to bind the district in contracts of this nature cannot be inferred from the general grant of authority in Article 2780, R.C.S., 1925, to manage and control the affairs of the district.

It is also well settled that a board of trustees is limited in its authority to expend the funds of its district and may not bind the district in excess of available revenues for the current year. The nature and extent of the obligation recited in the above quoted contract would seem to be wholly incompatible with the policy and purpose of this limitation.

It is our opinion that a board of trustees of a school district does not have authority to bind the district in the manner set out in the above quoted agreement.

Yours very truly

APPROVED APR 5, 1941
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED: OPINION COMMITTEE
BY:      BWB, CHAIRMAN

CCC:db:wb

O.K.
GKL

ATTORNEY GENERAL OF TEXAS

By /s/ Cecil C. Cammack
Cecil C. Cammack, Assistant